UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 12-___ CR12-0734 |
| Plaintiff, | ) I N D I C T M E N T |
| v. | ) [18 U.S.C. § 1341: Mail Fraud; |
| | ) 29 U.S.C. § 501(c): Embezzlement |
| | ) and Theft of Labor Union Assets; |
| TYRONE RICKY FREEMAN, | ) 18 U.S.C. § 1014: False Statement |
| | ) to a Federally Insured Financial |
| Defendant. | ) Institution; 26 U.S.C. § 7206(1): |
| | ) Subscription to a False Tax |
| | ) Return] |

The Grand Jury charges:

GENERAL ALLEGATIONS

At all times material to this Indictment:

1.    Service Employees International Union ("SEIU") and SEIU Local 6434 ("Local 6434"), also known as ("aka") "Long Term Care Workers United," aka "United Long Term Care Workers," aka "ULTCW," aka "SEIU Local 434b," were labor organizations engaged in an industry affecting interstate and foreign commerce.  SEIU was located in Washington D.C., and Local 6434 was located in Los Angeles, California.

MLC:mlc

2.    The Long Term Care Housing Corporation ("LTCHC") was a not-for-profit corporation organized in 2004 for the purpose of developing affordable housing for members of Local 6434.   LTCHC was financed predominantly by Local 6434.   At the direction of, among other people, defendant TYRONE RICKY FREEMAN ("defendant FREEMAN"), Local 6434 employees made payments from the LTCHC bank account.

3.    The California United Homecare Workers ("CUHW") was established in 2005 by SEIU and the American Federation of State, County, and Municipal Employees ("AFSCME") to represent public sector employees working in the homecare industry in California. From its inception to in or about April 2007, CUHW did not have revenues from member dues.   As a result, Local 6434 lent CUHW office supplies, office space, and staff needed to operate CUHW.

4.    Defendant FREEMAN was a member of the SEIU International Executive Board, was the President of Local 6434, and was the President of CUHW.   Defendant FREEMAN was neither a board member nor an officer of LTCHC.   Nonetheless, defendant FREEMAN directed employees of Local 6434 to direct and make payments to him from the LTCHC bank account.

5.    These General Allegations are incorporated herein by reference into Counts One through Eleven of this Indictment as if set forth fully therein.

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1341]

A.   THE SCHEME TO DEFRAUD

1.   Beginning on or about January 16, 2007, and continuing through on or about August 22, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant FREEMAN, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Local 6434 and CUHW as to material matters, and to obtain money and property from Local 6434 and CUHW by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

2.   The fraudulent scheme operated, in substance, in the following manner:

a.   Defendant FREEMAN would devise a scheme to collect, in addition to the regular salary that Local 6434 paid defendant FREEMAN, payments of $2,500 per month from Local 6434 and CUHW.

b.   Defendant FREEMAN would convince the CUHW Executive Board to approve payments of $2,500 per month to Local 6434 to reimburse Local 6434 for time that defendant FREEMAN spent working on CUHW's affairs.

c.   Defendant FREEMAN would falsely tell employees of Local 6434 that the CUHW Executive Board had passed a resolution approving stipend payments of $2,500 per month to be paid to defendant FREEMAN.

d.     Between on or about January 16, 2007 and in or about April 2007, defendant FREEMAN would represent to employees of Local 6434 that Local 6434 should pay defendant FREEMAN the stipend payments of $2,500 per month because CUHW had insufficient operating revenues to do so.

e.     Defendant FREEMAN would thereafter request and approve payments to himself of $2,500 per month from Local 6434.

f.     Beginning in or about April 2007, defendant FREEMAN would direct employees of Local 6434 to cause D.S., who processed check requests from the CUHW bank account, to begin paying stipend payments of $2,500 per month to defendant FREEMAN.

g.     Defendant FREEMAN would thereafter request and approve payments to himself of $2,500 per month from CUHW.

h.     In order to receive certain $2,500 monthly payments from CUHW, defendant FREEMAN would cause CUHW to mail payment checks from California to Nevada via Federal Express, so that the checks could be signed by CUHW Executive Board member F.W.  Defendant FREEMAN would then cause these payment checks to be mailed back from Nevada to California via Federal Express so that defendant FREEMAN could receive the payment checks from CUHW.

i.     Defendant FREEMAN would conceal from the Executive Board of Local 6434 that defendant FREEMAN was diverting from Local 6434 payments that the CUHW Executive Board had authorized to be paid to Local 6434.

j.     Defendant would conceal from the Local 6434 Executive Board and the CUHW Executive Board that he was

4

1   receiving payments of $2,500 per month in addition to the regular

2   salary that he received from Local 6434.

3   B.   EXECUTION OF THE FRAUDULENT SCHEME

4          In furtherance of the scheme to defraud, defendant FREEMAN

5   and his co-schemers committed, and caused to be committed, the

6   following acts:

7          1.   On or about January 16, 2007, defendant FREEMAN

8   introduced Resolution No. 01-16-07 to the CUHW Executive Board.

9   Under the terms of the resolution, CUHW would reimburse

10  Local 6434 $2,500 per month for every month that defendant

11  FREEMAN spent 60 hours or more on the affairs of CUHW.   The

12  resolution provided that the payments would "reimburse"

13  Local 6434 "for the payment towards the salary" of defendant

14  FREEMAN for time that defendant FREEMAN spent away from the

15  duties of Local 6434.

16         2.   On or about January 16, 2007, defendant FREEMAN told

17  the CUHW Executive Board that payments approved under

18  Resolution No 01-16-07 would go back to Local 6434 to compensate

19  Local 6434 for the time that defendant FREEMAN had spent away

20  from Local 6434.

21         3.   Between on or about January 2007 and in or about

22  April 2007, defendant FREEMAN falsely told Local 6434 employee

23  A.C. that the CUHW Executive Board had approved a $2,500 monthly

24  stipend to be paid to defendant FREEMAN.   Defendant FREEMAN also

25  told A.C. that because CUHW still did not have the funds to pay

26  defendant FREEMAN, Local 6434 should begin paying stipend

27  payments of $2,500 per month to defendant FREEMAN.

28

4.    Between on or about January 16, 2007 and on or about April 2, 2007, defendant FREEMAN requested and approved three separate payments to himself of $2,500 per month from Local 6434.

5.    In or about April 2007, defendant FREEMAN directed A.C. to direct D.S. to begin paying $2,500 monthly stipend payments from CUHW to defendant FREEMAN.

6.    Between on or about May 1, 2007 and on or about August 4, 2008,  defendant FREEMAN requested and approved payments to himself of $2,500 per month from CUHW.

7.    For each of the payments that defendant FREEMAN received from CUHW between on or about May 1, 2007 and on or about March 25, 2008, defendant FREEMAN caused CUHW to mail payment checks from California to Nevada via Federal Express so that the checks could be signed by CUHW Executive Board member F.W.  Defendant FREEMAN then caused each payment check to be mailed back from Nevada to California via Federal Express so that defendant FREEMAN could receive the payment checks from CUHW.

8.    From in or about January 2007 to on or about August 22, 2008, defendant FREEMAN concealed from the Local 6434 Executive Board and the CUHW Executive Board that he received three separate payments in the amount of $2,500 from Local 6434.

9.    From in or about April 2007 to on or about August 22, 2008, defendant FREEMAN concealed from the Local 6434 Executive Board that he was diverting payments to himself that should have been paid to Local 6434 by CUHW.

10.    From in or about April 2007 to at least on or about June 25, 2008, defendant FREEMAN concealed from the CUHW

1 Executive Board that he was diverting payments to himself that
2 should have been paid to Local 6434 by CUHW.

3      11. On or about June 25, 2008, defendant FREEMAN falsely
4 represented to the CUHW Executive Board that for each monthly
5 payment of $2,500 that defendant FREEMAN received, Local 6434
6 reduced his salary by $2,500, and that defendant FREEMAN's total
7 salary did not go up as a result of the $2,500 monthly payments.
8 Defendant FREEMAN made these representations knowing that, in
9 truth and in fact, Local 6434 had not reduced defendant FREEMAN's
10 regular salary by $2,500 per month for each month that defendant
11 FREEMAN had diverted a payment to himself that CUHW had resolved
12 to pay to Local 6434.

13      12. From in or about January 2007 through on or about
14 August 22, 2008, defendant FREEMAN concealed from the Local 6434
15 Executive Board and the CUHW Executive Board that, through the
16 scheme, defendant FREEMAN was receiving payments of $2,500 per
17 month in addition to the regular salary that he received from
18 Local 6434.

19 C.   <u>THE USE OF THE MAILS</u>

20      On or about the dates set forth below, within the Central
21 District of California and elsewhere, defendant FREEMAN, for the
22 purpose of executing the above-described scheme to defraud,
23 caused the following items to be placed in an authorized
24 depository for mail matter to be deposited with and to be
25 //
26 //
27 //
28 //

delivered by a commercial interstate carrier, according to the directions thereon:

| COUNT | DATE | ITEM MAILED |
| --- | --- | --- |
| ONE | July 2, 2007 | Check No. 1698 for $2,500, dated July 2, 2007, mailed from California to Nevada |
| TWO | August 1, 2007 | Check No. 1754 for $2,500, dated August 1, 2007, mailed from California to Nevada |
| THREE | August 27, 2007 | Check No. 1808 for $2,500, dated August 27, 2007, mailed from California to Nevada |
| FOUR | September 25, 2007 | Check No. 1845 for $2,500, dated September 25, 2007, mailed from California to Nevada |

COUNTS FIVE THROUGH EIGHT

[29 U.S.C. § 501(c)]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant FREEMAN, an employee of Local 6434, a labor organization engaged in an industry and activity affecting commerce, embezzled, stole and unlawfully and willfully and with intent to defraud abstracted and converted to his own use, and to the use of others, the moneys, funds, securities, property, and other assets of Local 6434, by diverting to himself payments from CUHW intended for Local 6434 in the following amounts:

| COUNT | DATE | AMOUNT |
|-------|------|--------|
| FIVE | July 2, 2007 | $2,500.00 |
| SIX | May 28, 2008 | $2,500.00 |
| SEVEN | July 7, 2008 | $2,500.00 |
| EIGHT | August 4, 2008 | $2,500.00 |

COUNT NINE

[29 U.S.C. § 501(c)]

On or about September 26, 2006, in Los Angeles County, within the Central District of California, defendant FREEMAN, an employee of Local 6434, a labor organization engaged in an industry and activity affecting commerce, embezzled, stole, and unlawfully and willfully and with intent to defraud abstracted and converted to his own use and to the use of others, the moneys, funds, securities, property and other assets of Local 6434 by causing Local 6434 to pay $8,105.05 for credit card charges that defendant FREEMAN made for defendant FREEMAN's personal travel to Honolulu, Hawaii, and expenses related to defendant FREEMAN's wedding ceremony in Hawaii, on or about August 13, 2006, all of which was unrelated to any business of Local 6434.

COUNTS TEN AND ELEVEN

[29 U.S.C. § 501(c)]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant FREEMAN, an employee of Local 6434, a labor organization engaged in an industry and activity affecting commerce, embezzled, stole and unlawfully and willfully and with intent to defraud abstracted and converted to his own use, and to the use of others, the moneys, funds, securities, property, and other assets of Local 6434, by requesting the Local 6434 Executive Board to make payments to LTCHC without disclosing to the Local 6434 Executive Board that defendant FREEMAN would then divert those funds to himself by causing LTCHC to pay defendant FREEMAN in the following amounts:

| COUNT | DATE | AMOUNT |
|---|---|---|
| TEN | June 9, 2008 | $2,416.66 |
| ELEVEN | June 12, 2008 | $14,499.96 |

11

COUNT TWELVE

[18 U.S.C. § 1014]

On or about July 22, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant TYRONE RICKY FREEMAN ("defendant FREEMAN") knowingly made and willfully caused to be made a false statement for the purpose of influencing the action of Countrywide Bank, an institution the accounts of which were then insured by the Federal Deposit Insurance Corporation, in connection with an application for a home loan in the amount of approximately $695,275.00, in that defendant FREEMAN falsely told a Countrywide Bank employee that defendant FREEMAN's employer, Service Employees International Union Local 6434 ("Local 6434"), paid for defendant FREEMAN's personal American Express credit card bills (account numbers ending in 8603 and 2793) and defendant FREEMAN's Land Rover monthly lease payments, when, in truth and in fact, as defendant FREEMAN then well knew, defendant FREEMAN's employer, Local 6434, did not pay for defendant FREEMAN's personal American Express credit card bills and defendant FREEMAN's Land Rover monthly lease payments.

12

## COUNT THIRTEEN

### [26 U.S.C. § 7206(1)]

On or about April 15, 2007, in Los Angeles County, within the Central District of California, defendant TYRONE RICKY FREEMAN ("defendant FREEMAN"), a resident of the Central District of California, willfully made and subscribed, by an electronic written declaration verifying that he was doing so under penalty of perjury, and later filed with the Internal Revenue Service, a joint Form 1040, U.S. Individual Income Tax Return, for the calendar year 2006, which was, as defendant FREEMAN well knew, false and fraudulent as to a material matter. More specifically, defendant FREEMAN declared in that tax return that his total income during 2006 was $178,784, when in fact, as defendant FREEMAN then knew, during 2006 he received approximately $23,487.79 in other income beyond the amount defendant FREEMAN had declared that was taxable.

COUNT FOURTEEN

[26 U.S.C. § 7206(1)]

On or about April 15, 2008, in Los Angeles County, within the Central District of California, defendant TYRONE RICKY FREEMAN ("defendant FREEMAN"), a resident of the Central District of California, willfully made and subscribed, by a written declaration verifying that he was doing so under penalty of perjury, and later filed with the Internal Revenue Service, a Form 1040, U.S. Individual Income Tax Return, for the calendar year 2007, which was, as defendant FREEMAN well knew, false and fraudulent as to a material matter. More specifically, defendant FREEMAN declared in that tax return that his total income during 2007 was $190,953.57, when in fact, as defendant FREEMAN then knew, during 2007 he received approximately $39,500 in other income beyond the amount defendant FREEMAN had declared that was taxable.

14

1

COUNT FIFTEEN

2

[26 U.S.C. § 7206(1)]

3     On or about April 15, 2009, in Los Angeles County, within

4 the Central District of California, defendant TYRONE RICKY

5 FREEMAN ("defendant FREEMAN"), a resident of the Central District

6 of California, willfully made and subscribed, by an electronic

7 written declaration verifying that he was doing so under penalty

8 of perjury, and later filed with the Internal Revenue Service, a

9 joint Form 1040, U.S. Individual Income Tax Return, for the

10 calendar year 2008, which was, as defendant FREEMAN well knew,

11 false and fraudulent as to a material matter.  More specifically,

12 defendant FREEMAN declared in that tax return that his total

13 income during 2008 was $154,714, when in fact, as defendant

14 FREEMAN then knew, during 2008 he received approximately $38,000

15 in other income beyond the amount defendant FREEMAN had declared

16 that was taxable.

17     A TRUE BILL

18

19     _/S/_____

    Foreperson

20 ANDRÉ BIROTTE JR.
United States Attorney

21

22 ROBERT E. DUGDALE
Assistant United States Attorney

23 Chief, Criminal Division

24 LAWRENCE S. MIDDLETON
Assistant United States Attorney

25 Chief, Public Corruption & Civil Rights Section

26 CHERYL L. O'CONNOR
MARGARET L. CARTER

27 ELISA FERNANDEZ
Assistant United States Attorneys

28 Public Corruption & Civil Rights Section

15